Michael E. GENZ, Petitioner,

v.

STATE of Oklahoma, and the District Court of Washington County, Oklahoma, Respondents.

No. A–14594.

Court of Criminal Appeals of Oklahoma.

May 1, 1968.

Michael E. Genz, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

 Michael E. Genz filed in this Court what he denominated "writ of habeas corpus", filing only one copy (written on a paper towel) which is not verified.

Title 12 Okl.St.Ann. § 1332 provides:

"Application for the writ [of habeas corpus] shall be made by petition, signed and verified either by the plaintiff or by some person in his behalf, and shall specify:

"First. By whom the person in whose behalf the writ is applied for is restrained of his liberty, and the place where, naming all the parties, if they are known, or describing them, if they are not known.

"Second. The cause or pretense of the restraint, according to the best of the knowledge and belief of the applicant.

"Third. If the restraint be alleged to be illegal, in what the illegality consists."

Petitioner states that he was arrested June 5, 1967, and charged with assault and battery, in Washington County, Oklahoma, and states that an attorney was appointed to represent him.

The Attorney General has filed a demurrer and motion to dismiss, attaching thereto a copy of the journal entry of judgment, copy of the appearance docket, and a transcript of the proceedings had when petitioner entered his plea of guilty.

The records before us show that petitioner was sentenced to serve five years in the state penitentiary, with the provision: "The first year of this sentence is to be actually served, and the balance suspended pending the continued good behavior of the defendant and payment of the costs. Defendant is granted on this sentence credit heretofore served after arrest, awaiting disposition hereof."

It would appear that when the warden considers petitioner has served the first year of the sentence, he would be entitled to discharge under the four year suspension of sentence provision.

 From all the proceedings before us, it is our opinion that the petitioner failed to state a cause of action; and from an examination of the exhibits attached to the demurrer and motion of the Attorney General, it is our opinion that petitioner was not deprived of any of his rights, and that the demurrer of the Attorney General should be sustained, and the case dismissed.

It is so ordered.

NIX, P. J., and BUSSEY, J., concur.